IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL J. MCNEAL, | ) |
| Movant, | ) |
| vs. | ) Case No.  2:06-cv-1223-IPJ-TMP |
| LEON FORNISS, Warden; ATTORNEY GENERAL of the STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received on September 30, 2002, in the Circuit Court of Jefferson County, Bessemer Division, for first-degree sexual abuse. The petitioner, Darrell J. McNeal, filed his *pro se* petition for writ of *habeas corpus* no earlier than June 20, 2006.[1] He is incarcerated at the Staton Correctional Facility in Elmore, Alabama.

---

[1] Although the petition was received by the Clerk on June 22, 2006, it was signed and arguably delivered to prison officials for mailing on June 20, 2006. Under the "mailbox rule," the petition is deemed filed on the date it is given to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993).

**PROCEDURAL HISTORY**

On September 30, 2002, the petitioner pled guilty to one count of rape in the first degree and one count of sexual abuse in the first degree. He was sentenced to concurrent terms of 20 years on each count. Because he did not appeal, his convictions became final forty-two days later. However, the final day fell on November 11, 2002, which was Veterans' Day, a legal holiday in Alabama. See Alabama Code § 1-3-8 (1975). Consequently, the petitioner had until November 12, 2002, to file a notice of appeal, and it was on that date that his convictions became final.

On March 18, 2003, petitioner filed his first petition for post-conviction relief in the **rape** case pursuant to Alabama Rule of Criminal Procedure Rule 32. At that point, 136 days of the one-year time limit for seeking *habeas* relief had elapsed. The trial court granted the petition as to the **rape** conviction by order dated March 2, 2004, and set the rape charge for a new trial.[2] It appears that petitioner appealed, and that the appeal was dismissed as untimely filed on May 19, 2004.[3] On

---

[2] The Rule 32 petition filed in 2003 has not been supplied to this court, but the case action summary sheets for the rape case and for the sexual abuse case show that it was docketed only in the rape case. The trial judge's entry on the docket when he granted the relief on the rape conviction, however, specifically notes that relief is "denied" as to the sexual abuse case. Respondents assert that the Rule 32 petition filed in 2003 was filed only in the rape case and should not serve to toll the statute of limitation as to his sexual abuse conviction, which is the only conviction challenged here, and which is the only charge for which he is now serving a sentence. Because the matter is not entirely clear, however, this court assumes, without deciding, that petitioner is entitled to the benefit of the tolling during the time that the Rule 32 was pending in the rape case.

[3] This chronology comports with petitioner's own account of the appeal, and the case action summary provided as an exhibit. Petitioner argues that he was unable to timely appeal because he did not have an attorney or access to a law library. The respondents do not address whether any appeal was filed.

or about the date set for the new trial, the rape case was dismissed.  Thus, the only conviction now applicable to petitioner is the one for first-degree sexual abuse.

On December 7, 2004,[4] petitioner filed another Rule 32 petition, this time specifically challenging the sexual abuse conviction.  The trial court denied the petition, and petitioner appealed.  On February 24, 2006, the Alabama Court of Criminal Appeals affirmed, specifically noting that the petition was time barred by Alabama Rule of Criminal Procedure 32.2.  Petitioner sought rehearing, which was denied, and then sought review in the Alabama Supreme Court, which denied *certiorari* by order dated June 9, 2006.

Petitioner filed the instant *pro se* petition for writ of *habeas corpus* on June 20, 2006.[5]  Pursuant to the court's order to show cause, respondents filed an answer, supported by exhibits, on September 18, 2006, asserting that the petition is time-barred.  By order dated that same day, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases.  On September 28, 2006, petitioner filed additional evidence and argument in support of his claim.  On November 29, 2006, petitioner filed another supplement to his argument.

---

[4] The petition was not filed in the state court until December 22, 2004, but, for purposes of calculating the time bar issue in this action, the court has given the petitioner the advantage of the earlier date on which he apparently signed the petition and delivered it to prison officials for mailing, as did the Alabama Court of Criminal Appeals in its opinion affirming denial of Rule 32 relief.

[5] Respondents also argue, correctly, that the petition is not only time-barred, but that the claims are procedurally defaulted.  However, because the court finds the petition is untimely, the issue of procedural default need not be addressed.

## TIMELINESS

The respondents raise the issue that the instant petition may not be considered by the court because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The court agrees that the time for the filing of this petition expired more than 14 months before the instant petition was filed, and the issues raised therein cannot now be considered on the merits.

Section 2244(d), enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).  In this case, the petitioner asserts the argument that he obtained "newly discovered evidence" that provided the factual predicate of one of his claims in February of 2003, at the time he challenged his rape conviction.  Petitioner argues that evidence that the DNA of the victim's baby did not match his DNA proves his claim that his guilty plea to rape and sexual abuse was coerced and not made knowingly or voluntarily because the prosecutor asserted that the DNA testing would confirm that petitioner was the father of the victim's baby.[6]

The court has given the petitioner the benefit of subsection (D), and calculates his one-year time to begin to run only when the petitioner discovered the new DNA evidence.[7]  It is not clear when the DNA results could have been discovered through diligence.  Although the court notes that the DNA report is dated November 14, 2002, it is not clear what date the report actually became available to the parties, even with the exercise of diligence.  It is clear, however, that the petitioner actually learned of the DNA results no later than February 12, 2003 (and probably several days or

---

[6] Although the court accepts the February 2003 "triggering" date for purposes of calculating the time-bar, the court is unwilling to accept at least two premises on which petitioner's argument is built.  First, the petitioner pled guilty to rape and sexual abuse, and the fact that the victim apparently was impregnated by another man does not itself exculpate the petitioner.  The fact that another man fathered the victim's child does not exclude the possibility that petitioner had sexual relations with her as well.  Second, the court notes that although the petitioner asserts that the new evidence was not available to him until February 2003, the DNA letter describing the testing results cited by petitioner was dated November 14, 2002, about three months earlier.  Petitioner does not argue that the DNA results could not have been obtained by him more expeditiously or that he diligently sought those results.  He merely asserts that his attorney agreed to let him know if anything developed, and that the attorney apparently did not do so before February 2003.

[7] The court acknowledges that this is debatable because the DNA evidence appears to be relevant only to the rape conviction, which was set aside.  There is nothing to suggest that, with respect to the sexual abuse conviction, petitioner's discovery of the DNA evidence created a factual predicate for challenging the sexual abuse conviction now at issue.  That being so, the one-year limitation period began to run from the date petitioner's sexual abuse conviction became final, on November 12, 2002.

weeks before that date), because it is on that date that he filed a motion to withdraw his guilty pleas based on the new evidence. Accordingly, the § 2244(d)(1) limitations period began to run no later than February 12, 2003.

The limitations period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court.

In this case, petitioner first filed a Rule 32 petition on March 18, 2003, although it is not clear that that petition included a challenge to his sexual abuse conviction. Assuming that it did, at least[8] 34 days of the 365-day period had expired.[9] The court will assume without deciding[10] that petitioner is entitled to the tolling effect of § 2244(d)(2) from the time he first filed the petition for post-conviction relief on March 18, 2003, until it was ultimately resolved by the Alabama Court of

---

[8] This calculation gives petitioner the advantage of the assumption that the the "newly discovered fact" was unavailable to him before February 12, 2003, although the court notes that petitioner has failed to meet his burden of demonstrating that the fact was unavailable before that date.

[9] Again, this assumes that the § 2244(d)(1) triggering date was February 12, 2003, when petitioner discovered the DNA evidence, not on the much earlier date his conviction for sexual abuse became final on November 12, 2002. If that date is used, 136 days of the 365-day time limit had expired.

[10] Without more illumination as to whether the petition was filed in both the rape and the sexual abuse cases, as the trial judge's notation indicates, or whether the Rule 32 petition challenged only the rape conviction, as the case number indicates, the court cannot determine whether the instant petition should be entitled to the tolling effect of the 2003 Rule 32 petition. As discussed *infra*, however, the result is the same in that the instant petition is time-barred even if petitioner is given the benefit of tolling.

Criminal Appeals, which dismissed his appeal as untimely on May 19, 2004. Petitioner then had 331 days of his time period remaining, making any federal *habeas* petition filed on or before April 15, 2005, timely. Petitioner filed the instant petition for writ of *habeas corpus* on June 20, 2006, more than 14 months after the one-year period expired.

Petitioner is not entitled to any tolling for the time during which his **2004** Rule 32 petition[11] was pending because the Alabama Court of Criminal Appeals clearly held that the petition was time-barred. The Supreme Court has announced that a Rule 32 petition that is rejected by the state courts as untimely is not considered "properly filed" within the meaning of the AEDPA's statutory tolling provision. Pace v. DiGuglielmo, 544 U.S. 408, 412-413, 125 S. Ct. 1807, 1811, 161 L. Ed. 2d 669 (2005). The Eleventh Circuit Court of Appeals has recognized that, at least since the decision in Williams v. State, 783 So. 2d 135, 137 (Ala. Crim. App. 2000), the failure to file a Rule 32 petition within the limitation period provided by Rule 32.2(c) is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the state to assert it. Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003). There is no question that the state courts ultimately determined that the 2004 Rule 32 petition was untimely filed. Accordingly, petitioner's 2004 Rule 32 petition cannot serve to toll the AEDPA's one-year statute of limitation because it was not "properly filed."

---

[11] As with many other things in this record, it is unclear whether the 2004 Rule 32 petition was the first or second petition relating to the sexual abuse conviction. Although the earlier, 2003 petition seems to relate only to the rape conviction, the Rule 32 judge, in granting relief as to the rape conviction, explicitly denied relief as the sexual abuse conviction. Thus, it might be that the 2003 petition was the first to challenge the sexual abuse conviction, not the 2004 petition. Regardless whether it was the first or second Rule 32 petition to challenge the sexual abuse conviction, it was untimely and, hence, not "properly filed" for purposes of tolling under § 2244(d)(2).

The only exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling. The limitation period can be equitably tolled, in addition to any tolling provided by the statute, "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not presented any evidence or argument that he is entitled to equitable tolling. Accordingly, equitable tolling does not apply.

Petitioner further argues that he is entitled to *habeas* relief because he is actually innocent of the crime in that no reasonable juror could have convicted him in light of the DNA evidence, and that he is actually innocent of the sentence imposed in that the prior conviction used for enhancement purposes was a misdemeanor and not a felony. An "actual innocence" exception has been well established in the context of a procedural default since the Supreme Court held that a claim of actual innocence may "avoid a procedural bar" to consideration of the merits of a *habeas* petitioner's claims. Schlup v. Delo, 513 U.S. 298, 326-27, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Accordingly, the claim of actual innocence provides a "gateway" through which otherwise procedurally barred constitutional claims may be considered. Id. at 315. An "actual innocence" exception to the bar on successive *habeas* petitions was codified through the AEDPA at 28 U.S.C. § 2244(b)(2)(B)(ii), but Congress did not include the same or any similar exception in the provisions governing time limitations at § 2244(d).

To date, the Supreme Court has never held that actual innocence may be used to overcome the one-year deadline.[12] That issue has been presented to federal courts of appeals on several

---

[12]  While the question was broached in Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993), it was not answered, and the Court noted that innocence, absent

occasions, but most never have been required to decide it because the claimant usually is unable to make an adequate showing of actual innocence. In 2001, the Eleventh Circuit Court of Appeals expressly noted that it never has decided whether the "actual innocence" exception applies in the context of the AEDPA's one-year filing deadline. Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1315 n. 2 (11th Cir. 2001). The court of appeals observed that other courts "have been able to avoid deciding the difficult constitutional issue of whether the [Suspension Clause] requires an exception to § 2244(d) for actual innocence because the petitioners were unable to make a showing of actual innocence." Wyzykowski v. Department of Corrections, 226 F.3d 1213, 1218 (11th Cir. 2000). See also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (finding that petitioner failed to demonstrate actual innocence and therefore failing to reach the issue).

The trend toward recognizing that justice demands an exception for those who demonstrate actual innocence, however, has begun. In January of 2005, the Sixth Circuit Court of Appeals held that a credible claim of actual innocence will equitably toll the limitations period, allowing an otherwise time-barred *habeas* claim to be evaluated on the merits. Souter v. Jones, 395 F.3d 577, 588-590 (6th Cir.2005); cf. Workman v. Bell, 227 F.3d 331, 342 (6th Cir. 2000)(*en banc*) (noting in *dicta* that a petitioner who lets the time run "either purposefully or by inadvertence" cannot receive relief on an untimely petition even if he claims actual innocence).

---

some underlying constitutional violation, is no independent ground for *habeas* relief, because *habeas* relief is available to ensure a defendant's constitutional rights, and "not to correct errors of fact." Id. While it is troubling to imagine that a *habeas* court is without power to vindicate the rights of a prisoner who makes a clear and convincing showing that he is innocent, it appears to this court that that possibility exists under the law.

The Eleventh Circuit Court of Appeals similarly noted in February 2005 that innocence may serve "to lift the procedural bar caused by Appellant's failure timely to file his § 2255 motion." U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005).[13]  In Montano, the court recognized that a procedural default, such as failure to appeal, "is different than the statute of limitations default," yet applied the exception to the time-bar as well. Id. at 1285 n. 8.  The appellate court did not explain its reasoning in applying, apparently for the first time, the "actual innocence" exception to the time-bar, and the only Supreme Court opinion cited in Montano is a case in which the petitioner had procedurally defaulted his claim by failing to raise the issue on appeal.

While Montano does not enunciate its reasoning for extending the "actual innocence" exception to time-barred claims, the Second Circuit Court of Appeals carefully examined the question in Doe v. Menefee, 391 F.3d 147, 159-161 (2d Cir. 2004), but ultimately found, as it did in Lucidore, that the issue need not be decided because the petitioner failed to make a sufficient showing of actual innocence.  In Doe, the appellate court determined that the AEDPA's one-year limitations period "protects the same values of comity and finality as do the procedural limits on successive and defaulted petitions" and should therefore be subject to the same exception for those who show their actual innocence. Id. at 161.  The court further noted that the standards for assessing innocence set forth in Schlup must be applied, and that if a petitioner shows that it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," he may then access review of his otherwise time-barred claims via the "actual innocence" gateway.

---

[13] This opinion supercedes U.S. v. Montano, 381 F.3d 1265, 1273 (11th Cir. 2004), which erroneously applied the time-bar set forth at 28 U.S.C. § 2244(d), which is the statute of limitation at issue here.  The superceding opinion instead examines the time-bar that applies to federal prisoners seeking relief through a motion to vacate or set aside filed pursuant to § 2255.

Doe, 391 F.3d at 161-62, citing Schlup, 513 U.S. at 327, 115 S.Ct. 851.  It is interesting to note that in Doe, the Second Circuit Court of Appeals limited the application of the actual innocence exception to those instances in which the claim of innocence is supported by "new reliable evidence" that "was not presented at trial." 391 F.3d at 161.  Once the new evidence is proffered, the court "must determine whether the new evidence is trustworthy by considering it both on its own merits and, where appropriate, in light of the pre-existing evidence in the record.  391 F.3d at 161, citing Schlup, 513 U.S. at 327-28.

      Even assuming that Montano provides binding precedent that an "actual innocence" exception applies to time-barred claims as well as to those that have been procedurally defaulted or are successive, the petitioner seeking to enter the "actual innocence gateway" must make a "credible showing" of innocence by providing the court with "new reliable evidence."  This petitioner has failed to do.  The court rejects the argument that, because the DNA evidence proves that petitioner did not father the victim's baby, this in any way exculpates him from her accusations of rape or sexual assault.  At the most, the "new" DNA evidence indicates that the victim had another sexual partner, and that she may not have been forthcoming about that fact.  It does not establish that petitioner did not rape or sexually abuse the victim.

      The court also fails to find any merit to petitioner's argument that a prior conviction in North Carolina for violation of North Carolina Code § 14-202.1 would not constitute a felony if committed in Alabama.  Petitioner admitted the prior conviction when he entered his guilty plea.  The North Carolina statute prohibits any person five or more years older than a child under age 16 from taking "indecent liberties" with that child.  That same conduct is clearly prohibited by Alabama Code

§§ 13A-6-66, which categorizes those crimes as a Class C Felony.  Accordingly, petitioner has not demonstrated that he is actually innocent of either the crime or the sentence imposed.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 is due to be dismissed with prejudice as barred by 28 U.S.C. § 2244(d).  A separate order will be entered herewith.

The Clerk is DIRECTED to mail a copy of this memorandum opinion to the petitioner.

DATED this 27th day of March, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE